IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAMDEN PROPERTY TRUST,

    Plaintiff,

v.

JOSEPH WILLIAMS, *and All Other Occupants*,

    Defendants.

CIVIL ACTION FILE NO.

1:17-cv-1932-TWT-JKL

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Joseph Williams's application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering Williams's application, I find that he meets the requirements for IFP status and **GRANT** the IFP application pursuant to 28 U.S.C. § 1915(a).[1] Nevertheless, this Court does not have subject matter jurisdiction over the removal action. I therefore

---

[1] For purposes of the IFP affidavit only, I take as true that Williams has paid $1,900 in monthly rent, even though the underlying case is based on alleged nonpayment of the rent.

**RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.

Williams asserts jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). [Doc. 1-1.] The only purported federal question is that the underlying proceeding violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. [*Id.* at 2.]

The underlying case is a dispossessory action containing no federal claim, and therefore any removal based on federal question jurisdiction would be improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Williams's attempt to assert that the underlying state suit violates a federal law, or to assert a federal question in response to the underlying action, does not grant confer federal jurisdiction over the case.

Williams's citation to § 1367 is also unpersuasive. Section 1367 grants supplemental jurisdiction over claims within an action. Because Williams has not shown, and the Court does not find, that the Court has original jurisdiction over

this action, any argument that the Court has supplemental jurisdiction is unpersuasive.

In sum, because Williams has sufficiently demonstrated indigency, his IFP motion is **GRANTED**. Because the removal petition, however, fails to demonstrate that this Court has jurisdiction over the case, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED AND RECOMMENDED this 6th day of June, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge